UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANGELA WILLIS,

                Plaintiff,

   -against-

THE NEW YORK CITY POLICE DEPARTMENT;
and THE CITY OF NEW YORK,

                Defendants,
------------------------------------------------------------------------X

COMPLAINT
JURY TRIAL DEMAND

05 Civ. 4213 (AH)
ECF Case

      The Complaint of plaintiff ANGELA WILLIS, by her attorneys Gordon, Gordon & Schnapp, P.C., respectfully shows the following:

Preliminary Statement

      1.    This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"); the New York State Human Rights Law, Executive Law § 296; the New York City Human Rights Law, New York City Administrative Code ("Code") §§ 8-107 and 8-502; and other applicable provisions of federal, state, and local law, rules, and regulations.  Plaintiff, an African American Woman, was hired as a Police Officer by the New York City Police Department ("PD") in or about 1990.  In 1992, plaintiff was terminated by the PD for reasons which she claimed were discriminatory and unlawful.  Plaintiff successfully challenged this termination in the New York State Courts and was reinstated in 1995.  From 1995 through May 2004, when she was terminated a second time, plaintiff was subjected to a continuing pattern of harassment and retaliation by the PD because of her allegations of discrimination in her litigation challenging her 1992 dismissal and because of her

subsequent charge(s) of discrimination and retaliation. This continuous pattern of retaliation culminated in disciplinary charges, preferred by the PD in 2000 and 2001. In May 2004, the PD terminated plaintiff from her position as Police Officer based on these disciplinary charges. Plaintiff alleges that (i) the disciplinary charges preferred against her by defendants in 2000 and 2001, as well as the subsequent termination of her employment, were in retaliation for her prior protected conduct; (ii) the PD has a history of harassing, preferring charges against, and terminating police officers in retaliation for making complaints of discrimination and/or initiating lawsuits or administrative proceedings against the PD and/or the City of New York; and (iii) defendants engaged in a continuous pattern of retaliation and discrimination against her because of her prior complaints of discrimination and retaliation against the PD and the City of New York to, inter alia, the United States Equal Employment Opportunity Commission ("EEOC") and the Courts of the State of New York, by, inter alia, preferring false charges against plaintiff, suspending her without pay, and terminating her employment as a Police Officer.

### Jurisdiction and Venue

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343 and by Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3).

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to adjudicate the New York State and local law claims asserted herein.

4. Venue is proper on the grounds that:

    a)    Defendants maintain offices located within the Southern District of New York;

      b)    Most or all of the actions complained of herein took place within the Southern District of New York; and

      c)    Upon information and belief, defendants' employment records relevant to this action are maintained within the Southern District of New York.

5.    This Court is authorized by Sections 706(g) and (k) of Title VII, 42 U.S.C. § 2000e-5(g) and (k), and/or by applicable provisions of New York State and New York City local law to grant the relief requested herein.

The Parties

6.    Plaintiff ANGELA WILLIS is an African American woman.

7.    Defendant NEW YORK CITY POLICE DEPARTMENT is, and at all material times herein has been, an agency of the City of New York created and existing pursuant to Chapter 18 of the New York City Charter and having the powers, duties, and responsibilities provided for therein.

8.    Defendant CITY OF NEW YORK is, and at all material times herein has been, a municipal corporation organized and existing pursuant to the laws of the State of New York.

Factual Allegations

9.    Plaintiff was appointed to the title Police Officer by the PD on or about April 25, 1990.

10.    Prior to her appointment, plaintiff duly took and passed a competitive examination for the position of Police Officer.

11.    On or about October 24, 1992, plaintiff duly completed her probationary period and attained permanent and tenured status as a Police Officer.

12. In or about the beginning of October 1992, plaintiff informed the PD she was pregnant.

13. After plaintiff told the PD that she was pregnant, the PD refused to reassign plaintiff to administrative duties, refused to remove her from roll call, harassed plaintiff, and otherwise subjected her to adverse action and a hostile work environment.

14. In or about the end of October 1992, plaintiff became ill as a result of her pregnancy and was out of work for approximately one month. While she was out of work sick, the PD informed plaintiff that she would either have to resign from her position as a Police Officer or face termination. When plaintiff did not resign, the PD terminated her employment on or about November 16, 1992.

15. In or about March 1993, plaintiff commenced an action against the PD in New York State Supreme Court alleging that her termination from the PD was both discriminatory and in violation of the New York State Civil Service law.

16. In or about July 1995, plaintiff was reinstated to Police Officer for the PD, pursuant to the Judgement and Order of the New York State Supreme Court in <u>Willis v. New York City Police Dep't</u>,(Index No. 106423/93, Tolub, J).

17. Upon her reinstatement to Police Officer, defendants commenced a continuous and continuing pattern of harassment and retaliation against plaintiff, because of her prior lawsuit and charges of discrimination. This pattern of harassment and retaliation continued through and until May 2004 when plaintiff was again terminated, and included, but was not limited to, all of the adverse actions against plaintiff described in Paragraphs 18 to 37, <u>infra</u>.

18. While completing her retraining at the PD Academy in 1995, defendants humiliated, embarrassed, and harassed plaintiff by, inter alia:

    A. Treating plaintiff like a new police officer recruit, rather than a police officer with more than five years of seniority;

    B. Requiring plaintiff to wear a police uniform without a shield to identify her as a Police Officer to her supervisors, the police officer recruits, and other police officers at the PD Academy;

    C. Preventing plaintiff from participating in the training courses she was required to take with new police officer recruits;

    D. Preventing plaintiff from participating in physical education classes at the PD Academy, but still requiring her to attend these classes from the sidelines in full view of police officer recruits; and

    E. Refusing to provide plaintiff with a locker with other female Police Officers at the PD Academy, instead requiring her to change into and out of her police officer uniform (which police officers are forbidden to wear while off duty) in the gym locker room located in the basement of the PD Academy.

19. After plaintiff completed her retraining at the PD Academy, she was assigned to the PD's 23rd Precinct in or about the Winter of 1995/1996.

20. Upon her assignment to the 23rd Precinct, the PD continued its pattern of retaliation and harassment of plaintiff by, inter alia:

    A. Treating plaintiff as if she were a probationary police officer and assigning her to a training sergeant;

  B. Refusing to afford plaintiff the vacation and other leave available to tenured police officers with at least five years of seniority;

  C. Assigning plaintiff to details and posts with little or no regard for her experience or seniority as a police officer; and

  D. Subjecting plaintiff to verbal abuse.

  21. In or about May 1997, plaintiff filed a charge of discrimination and retaliation against the PD with the EEOC, alleging, inter alia, that the PD discriminated and retaliated against her based on her gender and the fact that she had made complaints of discrimination and filed a lawsuit against the PD.

  22. On or about the morning of May 13, 2000, plaintiff found PD officers searching her car and was questioned by PD officers in connection with the PD's investigation of a crime and the alleged use of plaintiff's car in the crime.

  23. On May 13, 2000, the PD suspended plaintiff from her position as a Police Officer.

  24. On or about May 15, 2000, the PD preferred charges against plaintiff which alleged, inter alia, that plaintiff had given evasive answers to the PD officers investigating the crime and failed to identify herself promptly as a Police Officer.

  25. The May 15, 2000 charges preferred against plaintiff were false, and were part of defendants' continuing pattern of harassment and retaliation against plaintiff for her 1993 and 1997 charges of discrimination.

  26. In or about June 2000, plaintiff was placed on modified duty and assigned to the PD's Manhattan Courts facility.

27. On or about December 22, 2000, plaintiff was late to work at Manhattan Courts, because she had taken her son Malik Willis to the doctor for medical treatment.

28. Plaintiff's son Malik has a severe asthmatic condition.

29. After plaintiff arrived late for work, her supervisors suspended her for allegedly being intoxicated on duty and sent her to Beekman Downtown Hospital for an examination.

30. On or about December 27, 2000, the PD preferred charges against plaintiff alleging that she was unfit for duty on December 22, 2000, because she had allegedly consumed an intoxicant.

31. The December 27, 2000 charge preferred against plaintiff was false and was part of defendants' continuing pattern of harassment and retaliation against plaintiff for her 1993 and 1997 charges of discrimination.

32. At the PD's request plaintiff provided a note from her son's physician, stating that her son had received medical treatment on December 22, 2000.

33. On or about September 19, 2002, the PD amended the December 27, 2000 charges preferred against plaintiff to include charges of, <u>inter alia</u>, making a false statement and forging a doctor's note.

34. The September 2002 amended charges preferred against plaintiff were false and were part of defendants' continuing pattern of harassment and retaliation against plaintiff for her 1993 and 1997 charges of discrimination.

35. After her second suspension, plaintiff returned to duty and was sent to a PD counselor, who informed plaintiff that the PD required her to submit to an inpatient treatment program for alcoholism.

36. On January 24, 2001, February 26, 2001, and March 27, 2001, plaintiff was suspended and the PD preferred charges against her which alleged, <u>inter alia</u>, that she failed to comply with an order directing her to attend inpatient alcohol counseling. These charges were false and were part of defendants' continuing pattern of harassment and retaliation against plaintiff for her 1993 and 1997 charges of discrimination. Plaintiff does not now have, nor has she ever had, an alcohol problem. Even assuming <u>arguendo</u> that there was a reason for plaintiff to attend an inpatient treatment program of any kind, at the time of these charges she could not do so because she had to care for her two children.

37. On or about May 31, 2004, the PD found plaintiff guilty of the charges preferred against her and dismissed her from her position as Police Officer.

38. Plaintiff's dismissal from the PD on and effective May 31, 2004 was final and she has no further administrative remedies.

39. Upon information and belief, the PD has a history of harassing, preferring charges and specifications against, and terminating police officers in retaliation who file complaints of discrimination and initiate lawsuits or administrative proceedings against the PD and/or the City of New York.

40. On January 25, 2005, plaintiff duly and timely filed a charge of discrimination with the EEOC.

41. On February 1, 2005, the EEOC issued plaintiff a Right-to-Sue letter in connection with her January 25, 2005 charge.

42. Before filing this action, a copy of this Complaint was duly served on the Law Enforcement Bureau of the New York City Commission on Human rights and upon the Corporation Counsel of the City of New York pursuant to Code § 8-502.

## AS AND FOR A CAUSE OF ACTION

43. Plaintiff reasserts and realleges each and every allegation contained in Paragraphs "1" through "42," as if the same were set forth herein at length.

44. The actions of defendants in preferring false charges against plaintiff, suspending her without pay, and terminating her employment as a Police Officer were in retaliation for her prior protected conduct and therefore violated Sections 704(a) of Title VII, 42 U.S.C.§ 2000e-3(a); New York State Executive Law § 296(1)(e); and Code  § 8-107(7).

45. As a proximate result of the foregoing, plaintiff has lost, inter alia, wages, benefits, and professional opportunities, has suffered mental and emotional anguish and humiliation, and has incurred damages thereby.

## Demand for a Jury Trial

46. Plaintiff demands a trial by jury in this case on all issues so triable.

## Prayer for Relief

WHEREFORE, plaintiff respectfully prays for a judgment:

A. Declaring that the actions of defendants complained of herein were unlawful;

B. Ordering defendants to pay plaintiff back pay;

   C. Ordering defendants to reinstate plaintiff to her position as Police Officer for the PD, with full retroactive benefits and seniority;

   D. Ordering defendants to pay appropriate compensatory and punitive damages;

   E. Awarding plaintiff costs and disbursements as well as reasonable attorneys' fees; and

   F. For such other and further relief as to the Court may seem just and proper.

Date: New York, New York
   April 27, 2005

          Respectfully Submitted,
          GORDON, GORDON & SCNHAPP, P.C.
          Attorneys for Plaintiff
          437 Madison Avenue — 39th Floor
          New York, New York 10022
          Tel. No. (212) 355-3200


          By:_____
            JAMES M. THAYER (JT 6545)